| | |
|---|---|
| DISTRICT COURT, DENVER COUNTY<br>STATE OF COLORADO<br>Court Address: 1437 Bannock St., Denver, CO 80202<br><br>Plaintiff: Shaun Roesch<br><br>vs.<br><br>Defendants: David Myers and Penske Truck Leasing Co., L.P.<br><br>Attorney: Plaintiff<br>THE LAW OFFICES OF PETER M. ANDERSON<br>Peter M. Anderson, Esq., Atty. Reg. #: 033067<br>1225 Ken Pratt Blvd., Suite 214, Longmont, CO 80501<br>Phone Number:   303 444 1505<br>Fax Number:   Declined pursuant to C.R.C.P. 5(b) | ▲ COURT USE ONLY ▲<br>DATE FILED: January 29, 2019 2:11 PM<br>FILING ID: D6C28D665BC45<br>CASE NUMBER: 2019CV30361<br><br>Case Number:<br><br>Division:<br><br>Courtroom: |
| **COMPLAINT and JURY DEMAND** | |

Plaintiff, Shaun Roesch, by and through his attorney, alleges in support of his Complaint as follows:

## GENERAL ALLEGATIONS

1.    At all times relevant to this action, Plaintiff Shaun Roesch (hereinafter, "Plaintiff") resided in the State of Texas.

2.    At all times relevant to this action, Defendant David Myers (hereinafter "Defendant Myers") is an individual whose last know address was 5826 S. Pearl St., Centennial, CO 80121.

3.    At all times relevant to this action, Defendant Penske Truck Leasing Co., L.P. (hereinafter, "Penske") is incorporated at 2675 Morgantown Road, Reading, PA 19607.

4.    Defendant Penske's registered agent, Universal Registered Agents, Inc., is located at 36 South 18th Avenue, Suite D, Brighton, CO 80601.

## FACTUAL ALLEGATIONS

5.    On July 8, 2017, Plaintiff was driving westbound on Colorado 50 approaching the intersection with Colorado 45.

1

6. At the same time, Defendant Myers was driving a Penske Freightliner Box Truck on northbound Colorado 45.

7. On the aforementioned date and time, Defendant Myers was the operator of a 2018 Freightliner Box Truck with an Indiana License Plate Number 2599151, owned and operated by Penske (hereinafter, "the Truck.")

8. On or about the aforementioned date and time, Defendant Myers was an employee of Penske.

9. Upon information and belief, Penske had the right to control the use of the Truck Defendant Myers was operating at the aforementioned date and time.

10. Upon information and belief, the Truck involved in the wreck was registered to Penske.

11. Defendant Myers made an improper U-Turn at the intersection in order to travel southbound on Colorado 45.

12. Defendant Myers pulled in front of Plaintiff, who had a green light at the time.

13. Plaintiff had the right of way.

14. Plaintiff struck the left side gas tank of the 2018 Freightliner box truck, (hereinafter the "crash," "collision," or "wreck.")

15. Defendant Myers owed Plaintiff a duty to exercise reasonable care in the operation of his vehicle.

16. In operating the Truck, on said date and time as described above, Defendant Myers breached his driving duties owed to the Plaintiff.

17. Defendant Myers caused the collision.

18. Defendant Myers is at fault for the collision.

19. Plaintiff did not cause or contribute to the collision at issue.

20. Defendant Myers was cited for 42-4-1202(2)(b) Careless Driving Caused Bodily Injury.

21. The cause of the collision was determined to be Defendant Myers' failure to yield the right-of-way.

22. Plaintiff was taken by ambulance to Parkview Hospital with severe injuries and physical impairments.

23. Plaintiff sustained a traumatic brain injury, over 30 facial fractures, a broken right shoulder, broken ribs, fractured vertebrae, fractures to both knees, and a variety of other severe injuries and physical impairments.

**FIRST CLAIM FOR RELIEF**
(Negligence Resulting in Personal Injury of Shaun Roesch against David Myers)

24. Plaintiff incorporates herein by this reference the aforementioned paragraphs of his Civil Complaint and Jury Demand as if set forth *Verbatim*.

25. Defendant Myers owed Plaintiff a duty to exercise reasonable care in the operation of the vehicle he was driving on the date, time, and place aforementioned.

26. Defendant Myers breached his above-mentioned duty of care by operating the vehicle in a careless and negligent manner without regard to all attendant circumstances.

27. In operating the Truck, on said date and time as described above, Defendant Myers breached his driving duties owed to the Plaintiff.

28. In operating the Truck, on said date and time as described above, Defendant Myers drove his vehicle negligently.

29. In operating the Truck, Defendant Myers was negligent in failing to yield to traffic which had the right of way.

30. In operating the Truck, Defendant Myers was negligent in failing to operate said vehicle in such a way as to not collide with other vehicles being lawfully operated.

31. In operating the Truck, Defendant Myers was negligent in failing to keep a proper lookout for other vehicles lawfully traveling on the roads.

32. The above-mentioned breach of duty owed by Defendant Myers to Plaintiff, to exercise reasonable care while operating a motor vehicle as hereinabove described, directly and proximately caused Plaintiff to suffer damages.

33. The above-mentioned breach of duty owed by Defendant Myers to Plaintiff to exercise reasonable care while operating the Truck at the date, time, and place aforementioned directly and proximately has caused Plaintiff to incur past and future economic expenses, losses, and damage including, but not limited to, past and future loss of earnings, loss of earning capacity, and other economic damages related to injuries sustained in the accident as describe above.

34. The above-mentioned breach of duty owned by Defendant Myers to Plaintiff to exercise reasonable care while operating the Truck at the date, time, and place afore-mentioned directly and proximately caused Plaintiff to suffer past and future non-economic damages including, but not limited to, plain and suffering, loss of enjoyment of life, inconvenience, emotional distress and impairment of quality of life.

35. The above-mentioned breach of duty owned by Defendant Myers to Plaintiff to exercise reasonable care while operating the Truck at the date, time, and place aforementioned directly and proximately has caused Plaintiff to suffer temporary and permanent physical impairments, cognitive dysfunction, physical disfigurement and physical impairments.

36. Defendant Myers' negligent conduct was the proximate cause of Plaintiff's injuries, damages and losses as set forth above.

## SECOND CLAIM FOR RELIEF
(Negligence per se resulting in Personal Injury of Shaun Roesch against Defendant Myers)

37. Plaintiff incorporates herein by this reference the aforementioned paragraphs of his Civil Complaint and Jury Demand as if set forth *Verbatim*.

38. Defendant Myers' driving on the above-described date and time was in violation of applicable Colorado Revised Statutes and ordinances, including but not limited to C.R.S §42-4-1402(2)(b), which was the proximate cause of serious bodily injury to another; which amounts to negligence per se.

39. Plaintiff is among the class of persons intended to be protected under the statutes and the harms suffered by Plaintiff is the type that are intended to be prevented by the statutes.

40. Defendant Myers' conduct was the proximate cause of Plaintiff's injuries, damages and losses.

41. Defendant Myers' conduct was in derogation of applicable Colorado Statutes, and, therefore, constitutes negligence per se.

42. As a direct, foreseeable and proximate result of the negligence per se of Defendant Myers, Plaintiff has suffered and will suffer the injuries, damages and losses set forth above.

## THIRD CLAIM FOR RELIEF
(Negligent Hiring, Supervising and Training against Penske)

43. Plaintiff incorporates herein by this reference the aforementioned paragraphs of his Civil Complaint and Jury Demand as if set forth *Verbatim*.

44. Upon information and belief, Defendant Penske was negligent in the hiring, supervision and/or retention of Defendant Myers.

45. Upon information and belief, Defendant Penske failed to properly train, educate and monitor Defendant Myers' driving at all times during Defendant Myers' employment.

46. Upon information and belief, Defendant Penske failed to provide education and training to ensure Defendant Myers was a safe driver.

47. Upon information and belief, Defendant Penske's negligence included, but is not limited to its failure to investigate the skills and habits of Defendant Myers, and/or its failure to properly supervise the conduct and, particularly the driving of Defendant Myers and/or its retention of the services of Defendant Myers when it knew or should have known that said retention would create an undue risk of harm to others.

48. As a direct and proximate result of Defendant Penske's failure to investigate, supervise, hire Defendant Myers and its negligent retention of Defendant Myers, Plaintiff has sustained damages, injuries and losses as set forth above.

## FOURTH CLAIM FOR RELIEF
(Negligence/Respondeat Superior)

49. Plaintiff incorporates herein by this reference the aforementioned paragraphs of his Civil Complaint and Jury Demand as if set forth *Verbatim*.

50. Defendant Myers was an employee of the Defendant Penske and was acting within the scope of his employment and authority at the time of the collision. Therefore, the acts or omissions of Defendant Myers are in law the acts or omissions of the Defendant Penske.

**WHEREFORE,** Plaintiff requests monetary damages in an amount to fairly and justly compensate him for his injuries and damages, as determined from the evidence at trial; plus statutory interest from the date this cause of action accrued, or as otherwise allowed by Colorado law; property damage; property loss of value; mileage; interest; court costs; expert witness fees; deposition expenses; mediation fees, past and future health care, pre-trial meetings with physicians and experts, medication & medical costs, rehabilitation expenses, and attorneys' fees if applicable; and for such other and further relief as the Court may deem just and proper.

Dated this 29th day of January, 2019

                                           Respectfully submitted,

                                           THE LAW OFFICE OF PETER M. ANDERSON

                                           By:   ___/s/ signature on file_____
                                           Peter M. Anderson, #033067
                                           1225 Ken Pratt Blvd., Suite 214
                                           Longmont, CO 80501
                                           Telephone: (303) 444-1505
                                           ATTORNEY FOR PLAINTIFF

Plaintiff Shaun Roesch's address: 5440 Harvest Hill Road Suite 200, Dallas, Texas 75230